IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.  ) | No.  07-10181-01-WEB |
| ) | |
| MALCOM L. WEBBER, ) | |
| ) | |
| Defendant.[1] ) | |
| ) | |

**Memorandum and Order**

This matter came before the court on December 12, 2008, for a hearing on the parties' objections to the Presentence Report and for sentencing. The court ruled orally on these matters at the sentencing hearing. This written memorandum will supplement the court's oral ruling.

I. *Government's Objections*.

1. *Sophisticated means enhancement*. The Government argues that a 2-level enhancement should apply for an offense involving "sophisticated means," pursuant to USSG § 2B1.1(b)(9)(C). Although the Government makes several substantial arguments that arguably support an enhancement, the court is not persuaded that the enhancement should apply here. Although the fraudulent scheme in this case was rather extensive – and successful in terms of numbers – the enhancement for sophisticated means is only intended to apply to "especially complex or intricate" offense conduct. The defendant's conduct involved making false or misleading representations to a large number of people, but the court concludes it was not

---

[1] The defendant's first name is listed in the Indictment as "Malcom," although the parties and the court have both spelled it "Malcolm," and the defense informed the court that the latter is the correct spelling.

especially complex, nor were intricate steps taken to conceal the offense.  Accordingly, the Government's objection is denied.

2.  *Upward departure*.  The Government next argues that a 2 or 3-level upward departure should be imposed because the guidelines do not fully take into account the nature of this scheme.  It argues the victims of the offense were especially vulnerable, because they were in the United States unlawfully and were desperate to obtain documentation allowing them to stay, which the defendant took advantage of.

The court concludes an upward departure is not warranted.  In general, a departure from the guidelines is permissible when there is an aggravating or mitigating circumstances of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that, in order to advance the sentencing objectives in § 3553(a)(2), should result in a sentence different from that described.  *See* USSG § 5K2.0.  The court notes that the offense level in this case already includes enhancements for the amount of money taken, for an offense involving a large number of victims, and for the defendant being the leader or organizer of a scheme involving five or more participants or that was otherwise extensive.  And as indicated below, the court concludes that a lesser sentence, rather than a sentence above the guideline range, is sufficient to satisfy the purposes of sentencing in § 3553(a).

II.  *Defendant's Objections*.

1.  *Amount of Loss*.   The defendant objects to the Report's finding that the loss from the offense exceeded $400,000.  He argues there is no proof that the members of the tribe were "victims."  He contends many aliens who bought memberships were essentially participants in the offense, and their payments should not be counted as loss for purposes of the guidelines.

The court finds that the loss figure in the Presentence Report is correct.  The Government has cited evidence showing that the tribe deposited over $400,000 into its bank account within a one-year period.  This money clearly came from people who paid to be members of the tribe as a result of the defendant's false or misleading representations.  Under § 2B1.1, loss includes the reasonably foreseeable pecuniary harm that resulted from the offense.  Additionally, a "victim" means any person who sustained any part of the actual loss determined under the foregoing provision.  *See* USSG 2B1.1, comment., n. 3.  The court concludes that the persons who joined the tribe did suffer a pecuniary loss and that the total loss exceeded $400,000.
The court finds that the loss figure in the Presentence Report is correct.  The Government has cited evidence showing that the tribe deposited over $400,000 into its bank account within a one-year period.  This money clearly came from people who paid to be members of the tribe as a result of the defendant's false or misleading representations.  Under § 2B1.1, loss includes the reasonably foreseeable pecuniary harm that resulted from the offense.  Additionally, a "victim" means any person who sustained any part of the actual loss determined under the foregoing provision.  *See* USSG 2B1.1, comment., n. 3.  The court concludes that the persons who joined the tribe did suffer a pecuniary loss and that the total loss exceeded $400,000.

2. *Number of victims*.  Defendant also objects to the finding that the offense involved more than 250 victims.  Defendant again argues that the aliens who bought memberships should not be considered victims because they may have known that the scheme was unlawful.  The court concludes that the PSR is correct that the offense involved more than 250 victims.  As the Government showed at trial, part of the scheme was to misrepresent to aliens that they get lawful status in the U.S. by joining the tribe.  These false or misleading representations caused many aliens to join the tribe, and they incurred pecuniary loss as a result.  They are properly considered "victims" within the meaning of the guidelines, regardless of whether or not they were completely innocent.  The objection is therefore denied.

3. *Description of prior offense*.  Defendant objects to the Report's description of a 1982 conviction (¶57), saying the circumstances are disputed and should not be included in the Report.  The court notes that the conviction is over 25 years old and is not counted under the guidelines.  The description of the offense will not be taken into account by the court and will not effect the sentence.  Accordingly, the court need not rule on the objection.  The court will not

delete the matter from the Report, however, because the Bureau of Prisons may consider the information relevant for its purposes.

Based on the foregoing rulings, the court finds that the PSR correctly calculated the offense level to be 31; the Criminal History Category is I; and the advisory guideline sentencing range is 108 to 135 months imprisonment.

III.  *Section 3553(a) factors*.

The sentencing guidelines are the starting point for determining the sentence.  Congress has also directed the courts to consider other factors.  Under § 3553(a), the court is directed to impose a sentence sufficient but not greater than necessary to comply with the following purposes: the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

In doing so the court must consider the following factors: the nature and circumstances of the offense and the history and characteristics of the defendant; the purposes of sentencing set forth above; the kinds of sentences available; the kinds of sentence and sentencing range established for the offense under the guidelines; any policy statements of the Sentencing Commission; the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and the need to provide restitution to any victims.  *See* 18 U.S.C. § 3553(a).

After considering all of the foregoing factors as applied to this case, the court concludes

that a sentence of 60 months' custody, together with the other terms and conditions stated at the sentencing hearing, is sufficient but not greater than necessary to comply with the purposes of sentencing.  The court recognizes this sentence is a downward variance from the guideline range, but concludes that a 60-month sentence is sufficient to provide adequate deterrence, to reflect the seriousness of the offense, and to protect the public from further crimes of the defendant.  It will incapacitate and punish the defendant for a significant period of time.  The court notes that the defendant does not have any recent criminal history of aggressive or non-compliant behavior.  The court has also considered the need to avoid unwarranted disparities among defendants with similar records who engage in similar conduct, including the co-defendants in this case.  The court is satisfied that a 60-month sentence best serves all of the purposes of sentencing required by § 3553(a).

IV.  *Conclusion*.

The parties' objections to the Presentence Report are DENIED, as are their respective requests for departures from the guidelines.  The court imposes a sentence of 60-months custody, which represents a downward variance, for the reasons stated above and at the sentencing hearing.

The Probation Officer in charge of this case shall see that a copy of this order is appended to any copy of the Presentence Report made available to the Bureau of Prisons.  IT IS SO ORDERED this   15th    day of December, 2008, at Wichita, Ks.

                                             s/Wesley E. Brown
                                             Wesley E. Brown
                                             U.S. Senior District Judge